```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF TEXAS
                      HOUSTON DIVISION
```

| | |
|---|---|
| VI HOANG, MINDY LE, LUNDY LY, § <br> IDALIA VELASQUEZ PARRETT, § <br> KATHY PHELAN, PATRICIA § <br> SALDARELLI, and MICHELLE TRAN, § <br> § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> URBAN PURCHASING, LLC, UL, INC. § <br> d/b/a URBAN LIVING, VINOD § <br> RAMANI, Individually, and § <br> JENNIFER RAMANI, Individually, § <br> § <br> Defendants. § | CIVIL ACTION NO. H-07-1944 |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Vi Hoang, Mindy Le, Lundy Ly, Idalia Velasquez Parrett, Kathy Phelan, Patricia Saldarelli, and Michelle Tran, bring this action against defendants, Urban Purchasing, LLC ("UP"), UL, Inc. d/b/a Urban Living ("UL"), Vinod Ramani, individually, and Jennifer Ramani, individually, for failure to pay overtime compensation in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207(a), and for breach of contract. Pending before the court is Defendants' Motion to Stay Proceedings Because of Chapter 11 Bankruptcy (Docket Entry No. 53), and Plaintiffs' Motion to Lift Stay of Proceedings as to Non-Bankrupt and Non-Debtor Parties, and Request for Expedited Ruling (Docket Entry No. 54).

For the reasons explained below defendants' motion to stay will be denied, and plaintiffs' motions will be declared moot.

## I.  Alleged Facts and Procedural History

Plaintiffs allege that Hoang, Le, Ly, and Tran were formerly employed by UP while Parrett, Phelan, and Saldarelli were formerly employed by UL and/or Urban Living Lite.  Plaintiffs allege that UP and UL were operated as a single, integrated enterprise, and that although their primary job duties were those of non-exempt employees under the FLSA, the defendants erroneously characterized them as independent contractors.  Plaintiffs allege that defendants violated the FLSA, 29 U.S.C. § 207(a), by failing to pay them one and one-half times their regular hourly rate for the hours worked in excess of forty (40) hours per week.  Plaintiffs allege that Vinod and Jennifer Ramani are individually liable to each of them for overtime wages not paid because they owned and operated UP and UL and "'acted directly or indirectly on behalf' of UL and UP and/or had 'operational control' of both UL and UP."[1]

Plaintiffs allege that Saldarelli challenged defendants' characterization of her as an independent contractor with the Internal Revenue Service (IRS), that the IRS determined she had been improperly characterized as an independent contractor instead

---

[1]Plaintiffs' First Amended Complaint, Docket Entry No. 23, p. 5 ¶ 5.6.

of an employee,[2] and that defendants knowingly, willfully, and/or with reckless disregard failed to pay overtime compensation.[3]

Plaintiffs Le and Ly additionally allege that UP breached its contract to pay them sales commissions.[4]

On April 7, 2008, defendant UP filed a voluntary petition under Chapter 11 of the Bankruptcy Code, In re Urban Purchasing, L.L.C., Cause No. 08-32274-H5-11.  Since UP's bankruptcy filing, plaintiffs have noticed depositions for Vinod Ramani and UL's Rule 30(b)(6) representative,[5] but have not been able to conduct the depositions.  On April 17, 2008, plaintiffs filed a motion to dismiss their claims against Jennifer Ramani without prejudice.[6]

## II. Defendants' Motion to Stay

Defendants move the court to stay all proceedings in this action pursuant to 11 U.S.C. § 362(a)(1) "because such extension

---

[2]Id. at 4 ¶ 5.4.

[3]Id. at 5-6 ¶ 5.8.

[4]Id. at 6 ¶ 5.9.

[5]See Plaintiffs' Notice of Intention to Take the Oral Deposition of Vinod Ramani and Bill Roberts, and Plaintiffs' Amended Notice of Intention to Take the Oral Deposition of the Corporate Representative of Urban Purchasing, LLC, UL, Inc., d/b/a Urban Living, Exhibit B attached to Plaintiffs' Motion to Lift Stay of Proceedings as to Non-Bankrupt and Non-Debtor Parties (Plaintiffs' Motion to Lift Stay), and Request for Expedited Ruling, Docket Entry No. 54.

[6]See Plaintiffs' Motion to Dismiss Their Claims Against Jennifer Ramani Without Prejudice, Docket Entry No. 50.

will help the debtor's efforts towards rehabilitation."[7] Plaintiffs oppose defendants' motion to stay and contend that since the deadline for the completion of discovery is May 30, 2008, and docket call is set for June 13, 2008, UP's attempt to stay all proceedings is intended to delay trial.[8]

**A. Applicable Law**

There is no dispute that UP's petition in bankruptcy stayed all proceedings -- including the claims asserted in this action -- against UP. The claims asserted against UP in this action that are subject to the automatic stay are claims for unpaid overtime wages asserted by plaintiffs Hoang, Le, Ly, and Tran under the FLSA, 29 U.S.C. § 207(a), and for breach of contract asserted by plaintiffs Le and Ly. The claims that UP's co-defendants seek to have stayed in the wake of UP's bankruptcy filing are the FLSA claims that plaintiffs Hoang, Le, Ly, and Tran have asserted against Vinod and Jennifer Ramani in their individual capacities, and the FLSA claims for unpaid overtime wages that plaintiffs Parrett, Phelan, and Saldarelli have asserted against UL and against Vinod and Jennifer Ramani in their individual capacities.

---

[7]Defendant's Memorandum in Support of Motion to Stay Proceedings Because of Chapter 11 Bankruptcy, Docket Entry No. 53, p. 2 ¶ 7.

[8]See Plaintiffs' Motion to Lift Stay, Docket Entry No. 54, p. 2 ¶ 6.

1.  <u>Bankruptcy Law</u>

The filing of a bankruptcy petition imposes an automatic stay "applicable to all entities." 11 U.S.C. § 362(a). The Court of Appeals for the Fifth Circuit has explained that the stay provided by § 362(a) is "'applicable to all entities' . . . only in the sense that it stays all entities proceeding against the debtor. To read the 'all entities' language as protecting co-debtors would be inconsistent with the specifically defined scope of the stay 'against the debtor.'" <u>Wedgeworth v. Fibreboard Corp.</u>, 706 F.2d 541, 544 (5th Cir. 1983). In <u>Wedgeworth</u> the court held that the "protections of § 362 neither apply to co-defendants nor preclude severance." <u>Id.</u> Nevertheless, the Fifth Circuit recognizes an exception to this rule that allows bankruptcy courts to

> invoke § 362 to stay proceedings against non-bankrupt co-defendants where such identity between the debtor and the third-party defendant exists that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor.

<u>Arnold v. Garlock, Inc.</u>, 278 F.3d 426, 436 (5th Cir. 2001) (citing <u>A.H. Robins Co., Inc. v. Piccinin</u>, 788 F.2d at 994, 999 (4th Cir.), <u>cert. denied</u>, 107 S.Ct. 251 (1986)). In <u>A.H. Robins</u> the Court of Appeals for the Fourth Circuit found that an "identity of interest" sufficient to extend the automatic stay provision of 11 U.S.C. § 362 to non-debtor co-defendants could arise in cases where a monetary judgment would entitle a co-defendant to absolute indemnity from the debtor. <u>A.H. Robins</u>, 788 F.2d at 999. In

Arnold the Fifth Circuit recognized the A.H. Robins Co.'s exception, "but declined to extend it in that case because no claim of a formal tie or contractual indemnification had been made to create an identity of interests between the debtor and non-debtor." Accord, Reliant Energy Services, Inc. v. Enron Canada Corp., 349 F.3d 816, 825 (5th Cir. 2003) (holding that "identity of interest" exception does not apply if there is "no claim of a formal tie or contractual indemnification . . . between the debtor and nondebtor").

In addition, district courts may invoke their general discretionary power to stay proceedings against a debtor's co-defendants in the interest of justice and in control of their own dockets when the co-defendant seeking a stay establishes "a clear case of hardship or inequity in being required to go forward." Wedgeworth, 706 F.2d at 545 (quoting Landis v. North American Co., 57 S.Ct. 163, 166 (1936)).  The Fifth Circuit explained that

> [o]nly in rare circumstances will a litigant in one case be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both. . . . Further, before granting a stay pending the resolution of another case, the court must carefully consider the time reasonably expected for resolution of the "other case," in light of the principle that "stay orders will be reversed when they are found to be immoderate or of an indefinite duration." McKnight v. Blanchard, 667 F.2d 477, 479 (5th Cir. 1982). . . . Thus, a stay must be "so framed in its inception that its force will be spent within reasonable limits, so far at least as they are susceptible of prevision and description."

Id. (quoting Landis, 57 S.Ct. at 167).  See also GATX Aircraft Corp. v. M/V Courtney Leigh, 768 F.2d 711, 716 (5th Cir. 1985) ("A

-6-

[discretionary] stay can be justified only if, based on a balancing of the parties' interests, there is a clear inequity to the suppliant who is required to defend while another action remains unresolved and if the order granting a stay can be framed to contain reasonable limits on its duration.").

   2.   Fair Labor Standards Act

The FLSA requires covered employers to compensate nonexempt employees at overtime rates for time worked in excess of statutorily-defined maximum hours.  29 U.S.C. § 207(a).  The FLSA definition of "'employer' includes any person acting directly or indirectly in the interest of an employer."  29 U.S.C. § 203(d). The term "employer" includes individuals with "managerial responsibilities" and "substantial control over the terms and conditions of the [employee's] work. . . ."  Falk v. Brennan, 94 S.Ct. 427, 431 (1973).  See Donovan v. Grim Hotel Co., 747 F.2d 966, 972 (5th Cir. 1984), cert. denied, 105 S.Ct. 2654 (1985) (concluding that the defendant was an employer where he began and controlled the hotel corporations, held their purse strings, guided their policies, could authorize compliance with the FLSA, solved major problems, and had "ultimate control over wages").  An individual with managerial responsibilities deemed to be an employer under the FLSA may be held jointly and severally liable for damages resulting from the failure to comply with the FLSA. Id.  In Donovan the court explained that the corporate president

-7-

was sued for direct "violations of the [FLSA], under which he is statutorily characterized as an employer." Id. at 973. Distinguishing that situation from one in which a plaintiff seeks to hold a defendant derivatively liable for acts performed by the corporation, the court explained

> [defendant] is personally responsible for defaults because of his substantial personal control of the terms and conditions of the . . . employee's work . . . He, no less than the corporations he owned, directed, and controlled, is personally liable for unpaid statutory wages to his employees. . . Consequently, his . . . acts that produced injurious effects to the . . . employees cannot, as a matter of law or fact, be regarded as performed solely in his corporate capacity.

Id.

**B.  Analysis**

Defendants argue that

> an identity exists between the debtor and the nonbankrupt parties. Defendant, Vinod Ramani, is the Chief Executive Officer of Urban Purchasing, L.L.P., as well as Urban Living, L.L.P.  Plaintiff's causes of action against Defendants seek to recover damages controlled by Mr. Ramani and connected to Urban Purchasing, L.L.P.  As CEO of Urban Purchasing and Urban Living, Mr. Ramani would be unable to effectively reorganize Urban Purchasing, L.L.P., if his attempts to repay and reorganize are suppressed by any ongoing lawsuit which would influence the outcome of the rehabilitation of Urban Purchasing, L.L.P.
>
> The nonbankrupt parties are not attempting to take advantage of the automatic stay.  Rather, the extension of the stay to such parties may benefit the creditors by allowing the debtor time to repay and reorganize.[9]

---

[9]Defendant's Memorandum in Support of Motion to Stay Proceedings because of Chapter 11 Bankruptcy, Docket Entry No. 53, pp. 2-3 ¶¶ 10-11.

1. § 362 Exceptional Stay

Defendants have not offered any evidence that there exists an identity of interests between the debtor, UP, and its co-defendants in this action such that UP may be said to be the real party defendant and that a judgment against UP's co-defendants will in effect be a judgment or finding against UP. See Arnold, 278 F.3d at 436 (citing A.H. Robins, 788 F.2d at 999). Instead, the defendants simply assert that "Urban Purchasing, L.L.C., files this memorandum in support of a motion to stay the proceedings under § 362. The other Defendants involved in this case are directly connected to the debtor."[10] Absent any showing how and/or why the co-defendants are directly connected to the debtor, defendants cannot prevail on their motion to stay.

(a) Individual Co-defendants

Plaintiffs have alleged that "[d]efendants Vinod and Jennifer Ramani, who owned and operated both UL and UP, are liable to each Plaintiff for overtime wages as both 'acted directly or indirectly on behalf' of UL and UP and/or had 'operational control' of both UL and UP."[11] The law is clear that a corporate officer with operational control of a corporation's covered enterprise is an

---

[10] Id. at 3 ¶ 12.

[11] Plaintiffs' First Amended Complaint, Docket Entry No. 23, p. 5 ¶ 5.6.

employer who, along with the corporation, may be held jointly and severally liable under the FLSA for unpaid wages.  See Donovan, 747 F.2d at 972-73.  Since plaintiffs' allegations that Vinod and Jennifer Ramani acted in furtherance of UP's interests are sufficient to state a claim against them individually, the court is not persuaded that UP is the real party at interest in the claims asserted against them.  Although defendants cite Paine v. Sealy, 956 S.W.2d 803 (Tex. App. -- Houston [14th Dist.] 1997), in support of their motion to stay, their reliance on that case is misplaced because in that case a stay pursuant to 11 U.S.C. § 362 was accorded to a co-defendant only after the co-defendant made admissions that allowed the court to conclude he was an alter-ego of the corporate debtor.  Id. at 807.  Here, the individual defendants have made no such admissions.  Accordingly, the court is not persuaded that Vinod and/or Jennifer Ramani are entitled to the protections afforded to UP by 11 U.S.C. § 362 pursuant to the exception recognized in Arnold, 278 F.3d at 436.

      (b)  Corporate Co-defendant

Plaintiffs have alleged that they were "employed in various capacities with UP and UL which were operated as a single, integrated enterprise; a single employer and/or joint employer,"[12] and defendants have asserted that "[t]he other [d]efendants

---

[12] Id. at 4 ¶ 5.3.

-10-

involved in this case are directly connected to the debtor."[13] Nevertheless, defendants have presented no evidence that UP and UL are operated as a single, integrated enterprise, that UL is directly connected to UP, or that if UL is found liable in this action UL would be entitled to indemnity from UP's estate in bankruptcy. Accordingly, the court is not persuaded that UL is entitled to the protections afforded to UP by 11 U.S.C. § 362 pursuant to the exception recognized in Arnold, 278 F.3d at 436.

        (c)  Conclusion

Because the defendants have not provided the court any evidentiary basis on which to conclude that UP is the real party in interest in the claims asserted in this action against UP's co-defendants, the court is not persuaded that they are entitled to the protections afforded to UP by 11 U.S.C. § 362 pursuant to the exception recognized in Arnold, 278 F.3d at 436.

    2.  <u>Discretionary Stay</u>

UP's co-defendants have not offered any evidence that they are entitled to a discretionary stay because they have made no showing based on a balancing of the parties' interests that they will suffer "a clear case of hardship or inequity in being required to

---

[13]Defendants' Memorandum in Support of Motion to Stay Proceedings Because of Chapter 11 Bankrupty, Docket Entry No. 53, p. 3 ¶ 12.

go forward." Wedgeworth, 706 F.2d at 545.  Instead, defendants merely assert that

> [p]laintiff's causes of action against [d]efendants seek to recover damages controlled by Mr. Ramani and connected to Urban Purchasing, L.L.P.  As CEO of Urban Purchasing and Urban Living, Mr. Ramani would be unable to effectively reorganize Urban Purchasing, L.L.P., if his attempts to repay and reorganize are suppressed by any ongoing lawsuit which would influence the outcome of the rehabilitation of Urban Purchasing, L.L.P.[14]

Because UP's co-defendants have failed to present any evidence showing that they will clearly suffer hardship or inequity if this action is allowed to proceed against them, the court concludes that granting defendants' motion to stay the proceedings in this action against UP's co-defendants would constitute an abuse of discretion.

## IV.  Conclusions and Order

For the reasons explained above, Defendants' Motion to Stay Proceedings Because of Chapter 11 Bankruptcy (Docket Entry No. 53), is **DENIED.**  Since the court has denied defendants' motion to stay, Plaintiffs' Motion to Lift Stay of Proceedings as to Non-Bankrupt and Non-Debtor Parties, and Request for Expedited Ruling (Docket Entry No. 54) are **MOOT**.

As stated above, a petition filed under 11 U.S.C. § 362, et seq., operates as a stay of the continuation of a judicial proceeding against the debtor that was commenced before the initiation of the bankruptcy proceeding.  11 U.S.C. § 362(a)(1).

---

[14]Id. at 2-3 ¶¶ 10-11.

Accordingly, defendant Urban Purchasing, LLC is **DISMISSED**. Plaintiffs may reinstate this action against Urban Purchasing, LLC upon notice to this court of the discontinuance of the stay pursuant to 11 U.S.C. § 362(c)(2), provided such notice is filed within 30 days after the bankruptcy stay is discontinued.

Plaintiffs' Rule 12(e) Motion for More Definite Statement (Docket Entry No. 49) is **GRANTED**. Defendants are **ORDERED** to identify the exemption(s), if any, relied upon in defense of this overtime wage case by providing plaintiffs with a short and plain statement of the facts supporting the exemption(s) they wish to claim no later than May 19, 2008.

The court will conduct a hearing in this case on May 16, 2008, at 3:00 p.m., in Court Room 9-B, 9th Floor, United States Courthouse, 515 Rusk Street, Houston, Texas.

**SIGNED** at Houston, Texas, on this the 8th day of May, 2008.

```
                              _____
                                         SIM LAKE
                              UNITED STATES DISTRICT JUDGE
```